[Cite as *State v. Armstrong*, 2016-Ohio-526.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-P-0008** |
| LEONARD J. ARMSTRONG, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas.
Case No. 2011 CR 0425.

Judgment: Reversed and remanded.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Kristina Drnjevich*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C., Kent, OH 44240 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1} Appellant, Leonard J. Armstrong, appeals the sentencing entry of the Portage County Court of Common Pleas convicting and sentencing him on two counts of murder, following his guilty plea. For the reasons that follow, we vacate appellant's sentence and remand to the trial court for resentencing.

{¶2} On February 18, 2014, appellant pled guilty to two counts of murder, one in violation of R.C. 2903.02(A) and 2929.02 and the other in violation of R.C. 2903.02(B)

and 2929.02.[1] The state elected to proceed to sentencing on Count One, as Count Two merged with Count One for purposes of sentencing. In the judgment entry of sentence, appellant was sentenced to "a definite term of imprisonment of LIFE WITHOUT PAROLE ELIGIBILTY AFTER FIFTEEN YEARS[.]"

{¶3} In this court's judgment entry dated April 20, 2015, we appointed appellate counsel to address the following:

> (1) whether the trial court erred in stating, at sentencing, that it was imposing the following sentence: 'a definite term of imprisonment of life with parole eligibility after fifteen years' and (2) whether the trial court erred by stating in the judgment entry of the sentence that it was imposing the following sentence for murder, in violation of R.C. 2903.02(A) and R.C. 2929.02(B): 'a definite term of imprisonment for life without parole eligibility after fifteen years.'

{¶4} Appellant assigns one assignment of error for our review:

{¶5} "The trial court erred, as a matter of law, by sentencing appellant to a term of life without parole eligibility after 15 years."

{¶6} Appellant asserts the trial court's entry of sentence on Count One, pursuant to R.C. 2929.02(B)(1), is contrary to statute. The state concedes such error.

{¶7} Pursuant to R.C. 2929.02(B)(1), "whoever is convicted of or pleads guilty to murder in violation of section 2903.02 of the Revised Code shall be imprisoned for an *indefinite* term of fifteen years to life." (Emphasis added.)

{¶8} At the plea/sentencing hearing, held on February 14, 2014, the trial court advised appellant that he was sentenced "to a definite term of imprisonment of life with parole eligibility after fifteen years, to be served for the offense of Murder, or until such time as he is otherwise legally released." In the judgment entry of sentence, dated

---

1. For a detailed recitation of the factual and procedural history, please refer to this court's opinion in *State v. Armstrong*, 11th Dist. Portage No. 2012-P-0018, 2013-Ohio-2618.

February 18, 2014, the trial court ordered appellant to be sentenced to "a definite term of imprisonment of LIFE WITHOUT PAROLE ELIGIBILTY AFTER FIFTEEN YEARS, to be served for the offense of 'Murder,' or until otherwise legally released." (Emphasis sic.) Accordingly, appellant's sentence does not comply with R.C. 2929.02(B)(1).

{¶9} Because the sentence the trial court imposed for murder was contrary to law, appellant's assignment of error is with merit. *See State v. Kemp*, 8th Dist. Cuyahoga No. 97913, 2013-Ohio-167, ¶74-76.

{¶10} Appellant's sentence is reversed and vacated. This matter is remanded to the trial court for resentencing in accordance with the above referenced statute.

CYNTHIA WESTCOTT RICE, P.J.,

DIANE V. GRENDELL, J.,

concur.

3